## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL EDWARD KENNEDY,<br>            Appellant, | DOCKET NUMBER<br>PH-3443-15-0184-I-1 |
| v. | |
| NATIONAL ARCHIVES AND<br>   RECORDS ADMINISTRATION,<br>            Agency. | DATE: March 18, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael Edward Kennedy</u>, Princess Anne, Maryland, pro se.

<u>Jennifer Klein</u>, Esquire, College Park, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant applied and was selected for the GS-4 position of Archives Technician. Initial Appeal File (IAF), Tab 1 at 12, 19. The position was subject to a background investigation or security clearance requirement. *Id.* at 12. The agency later removed the appellant from the certificate of highly qualified candidates and withdrew its offer of employment, finding that he was "not suitable for th[e] position based on a review of [his] background." IAF, Tab 1 at 23, Tab 15 at 12.

¶3 The agency based this decision on the Office of Personnel Management's (OPM) Suitability Guidelines, which indicate that criminal conduct and sexual behavior of a criminal nature are factors that may be considered in evaluating an individual's eligibility for access to classified information. IAF, Tab 1 at 23, Tab 15 at 46, 52-53, 60-61. In particular, the agency's security officer, P.A., considered that the appellant previously was convicted for rape and murder. October 2, 2015 Hearing Compact Disc (HCD) (testimony of P.A.). P.A. determined that under Maryland law this conviction required the appellant to register as a sex offender, thus precluding him from entering various buildings containing daycare centers, which he would have been required to enter if employed as an Archives Technician. *Id.*

¶4        The appellant filed an appeal with the Board alleging that his nonselection constituted a suitability action and violated his rights under the Veterans Employment Opportunities Act of 1998 (VEOA).  IAF, Tab 1.  He also claimed that the agency committed a harmful procedural error and engaged in prohibited discrimination.  *Id.* at 5.  He requested a hearing.  *Id.* at 2.

¶5        After holding a jurisdictional hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 24, Initial Decision (ID).  He found that the appellant failed to establish that the agency took a suitability action against him because its actions were limited to the position for which he applied.  ID at 10-11.  He rejected the appellant's argument that the agency's withdrawal of its offer of employment constituted a constructive suitability determination, finding that the Board does not recognize such claims and, furthermore, that under 5 C.F.R. § 731.203(b) a nonselection or cancellation of eligibility for a specific position based on an objection to an eligible under 5 C.F.R. § 332.406 does not constitute a suitability action.  ID at 11-13.  He found that the appellant failed to establish Board jurisdiction under VEOA because he did not demonstrate that he exhausted his Department of Labor (DOL) remedy and failed to allege that the agency violated any right accorded to him under a statute or regulation relating to veterans' preference.  ID at 13.  In light of the dismissal for lack of jurisdiction, he found that he could not reach the appellant's harmful procedural error and discrimination claims.  ID at 13-14.

¶6        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He maintains that the agency's act of removing him from the certificate constituted a suitability action, thus conferring Board jurisdiction.  *Id.* at 14.  He disputes that the suitability determination was limited to a specific position, arguing that the basis for the determination effectively bars him from all employment with the agency.  *Id.* at 12-13.  He contends that the administrative judge misapplied *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458-62 (1987) in concluding that he was not subjected to a suitability action.  PFR File,

Tab 1 at 12. He also disputes the agency's suitability determination, arguing that: (1) a Maryland Circuit Court determined that the Maryland law upon which P.A. relied in determining that he was required to register as a sex offender, and thus precluded from entering buildings containing daycare centers, is inapplicable to him;[2] (2) the agency failed to establish that its suitability determination was based on proper and adequate reasons as required under 5 C.F.R. §§ 332.406(b) and 731.202; and (3) the agency should not have relied upon a criminal conviction that occurred 35 years ago.[3] PFR File, Tab 1 at 8-11, 15-16, 18-20. He asserts that, to the extent that the agency relied upon 5 C.F.R. § 332.406, its objection cannot be sustained because it improperly failed to submit a Standard Form 62 and notify OPM prior to removing his name from the certificate of highly qualified candidates.[4] PFR File, Tab 1 at 13-15. He also claims that the

---

[2] He also claims that the law of the case doctrine therefore precludes the agency from relying on its belief that he was required to register as a sex offender. PFR File, Tab 1 at 10-11. The law of the case doctrine is inapplicable here, as the proceeding before the Maryland Circuit Court is not part of the same litigation as the instant appeal. *See Nease v. Department of the Army*, 103 M.S.P.R. 118, ¶ 10 (2006).

[3] The appellant argues that 5 C.F.R. § 731.203(b) is ambiguous, in that it is unclear if it applies where, as here, a selectee's offer of employment is withdrawn, as opposed to when an applicant never becomes a selectee. PFR File, Tab 1 at 17. He concedes that he did not raise this argument below, and, as such, we need not consider it now. *Id.*; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Notwithstanding, we note that his argument does not provide a basis for review. *See Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 12 (2012) (finding that the agency's withdrawal of an employment offer based on the appellant's lack of candor in the application process constituted a denial of appointment and nonselection and thus, under 5 C.F.R. § 731.203(b), was not a suitability action).

[4] The Board does not have jurisdiction to review an agency with delegated authority's decision to sustain an objection pursuant to 5 C.F.R. part 332, irrespective of the reason for the decision. 5 C.F.R. § 332.406(g). To the extent that the appellant is claiming a violation of his veterans' preference rights, we discern no basis to disturb the administrative judge's finding that the appellant has not established Board jurisdiction over this appeal under VEOA. ID at 13. Although we do not agree that the acknowledgment order provided proper jurisdictional notice, IAF, Tab 2 at 2, we find

suitability determination was discriminatory based on his sexual orientation and criminal history. *Id.* at 11, 19. The agency filed a response in opposition, to which the appellant did not reply. PFR File, Tab 4.

¶7 The sole relevant issue on review is whether, as a threshold matter, the Board has jurisdiction over this appeal. Under 5 C.F.R. § 731.501(a), only a suitability action may be appealed to the Board. *Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009). A suitability action is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, or a debarment. *Id.*; 5 C.F.R. § 731.203(a). OPM's regulations governing suitability actions specify that a denial of appointment or nonselection for a position is not a suitability action. *Kazan*, 112 M.S.P.R. 390, ¶ 6; 5 C.F.R. § 731.203(b). For the reasons set forth below, we discern no basis to disturb the administrative judge's finding that the Board lacks jurisdiction over this matter because the agency's action in this case was not a suitability action, but rather, a nonselection that may not be appealed to the Board.

¶8 The administrative judge considered that an agency Human Resources Specialist, S.H., told the appellant that the agency's security office found him "unsuitable for employment with [the] agency." ID at 3-5; IAF, Tab 1 at 23. However, in weighing the evidence, he found that S.H. clearly was mistaken when she made that statement. ID at 10-11. As the administrative judge observed, the official notice informing the appellant of his nonselection stated that he was found "not suitable for *this position*." IAF, Tab 15 at 12 (emphasis added); ID at 11. When notifying S.H. of her suitability determination, P.A. told S.H. that she had "found [the appellant] unsuitable," but did not state that her

that the initial decision cured that error, ID at 13; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (stating that an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden in the petition for review). On review, the appellant has not alleged or provided any evidence that he exhausted his DOL remedy.

determination extended to positions other than the one for which the appellant had applied. IAF, Tab 1 at 23. Further, P.A. testified that: (1) her suitability determination was limited to the Archives Technician position for which the appellant applied; (2) she took no action to cancel his eligibility for any other position or to debar him from employment with the agency; and (3) she was unaware of any cancellation of eligibility or debarment imposed upon the appellant by any other individual at the agency and would have been aware of such actions had they occurred. HCD (testimony of P.A.); ID at 6-7, 11. S.H. testified that: (1) she took no action that would affect the appellant's ability to apply for other positions with the agency and did not direct anyone else to do so; and (2) to her knowledge, the agency has not taken any action to debar the appellant from, or to cancel any eligibilities he may have for, employment with the agency. HCD (testimony of S.H.).

¶9        Based on the foregoing, we agree with the administrative judge that the weight of the evidence establishes that the agency did not take a suitability action against the appellant. The appellant's mere disagreement with the administrative judge's well-reasoned conclusion does not establish a basis for review. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (stating that mere reargument of factual issues already raised and properly resolved by the administrative judge below does not establish a basis for review).

¶10        As to the appellant's claim that the agency has constructively taken a suitability action against him because P.A.'s suitability determination effectively prevents him from being employed with the agency, we disagree.[5] PFR File,

---

[5] In support of this claim below, the appellant argued that his nonselection for other positions further proves that he has effectively been barred from employment with the agency as a result of P.A.'s suitability determination. ID at 6; IAF, Tab 1 at 8, Tab 5 at 69, Tab 15 at 13-14. The administrative judge rejected that argument, finding that the appellant failed to refute the agency's assertion that his nonselections for those positions were unrelated to suitability issues. ID at 6, 11. The appellant does not specifically dispute that determination on review, and we discern no basis to disturb it.

Tab 1 at 12-13.  That the appellant's criminal conviction may have the effect of precluding him from being hired for other Federal positions does not establish that the agency has taken a suitability action against him.  Because we lack jurisdiction in this matter, we cannot reach the appellant's arguments concerning the procedural aspects and merits of the agency's suitability determination or his discrimination claims.  *See Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (stating that the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action); *Kazan*, 112 M.S.P.R. 390, ¶ 6.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline a nd that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional

information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.